PETITION OF WILLIAM J. JAMIESON *et al.* for an Opinion of the Court.

The material portions of a will are as follows:

"I give, devise and bequeath unto my two children Elizabeth and Mary Jane Ellison the sum of two hundred dollars each.

"I give, devise and bequeath unto my husband William J. Jamieson his heirs and assigns, all my real estate together with the rest and residue of my personal property of every kind and nature."

The testatrix left no personal estate from which the legacies given in the first clause of the will could be paid, but died seized and possessed of real estate which she had acquired prior to the execution of her will and which was subject to a mortgage. The mortgage having been foreclosed after the death of the testatrix, there was a surplus of the proceeds of sale after paying the mortgage debt and expenses of foreclosure.

*Held,* that the devise of the real estate was not subject to a charge for the payment of the legacies.

*Held,* further, that the surplus was to be treated as real estate, and as the property of the devisee.

CASE stated for an opinion of the court, under Pub. Stat. R. I. cap. 192, § 23.

*October* 17, 1893. MATTESON, C. J. This is a case stated for the opinion of the court.

The petitioners are interested in the construction of the will of Catherine Jamieson, late of Providence, deceased. The will bears date January 17, 1881. Its material portions are as follows:

"I give, devise and bequeath unto my two children Elizabeth and Mary Jane Ellison the sum of two hundred dollars each.

"I give, devise and bequeath unto my husband William J. Jamieson his heirs and assigns, all my real estate together with the rest and residue of my personal property of every kind and nature."

The testatrix at her decease left no personal estate from which the legacies given in the first clause quoted can be paid, but died seized and possessed of certain real estate, subject to a mortgage, conveyed to her prior to the execution of her will. Since her decease the mortgage has been foreclosed. After deducting from the proceeds of the mortgaged

estate the amount due on the mortgage and the expenses of foreclosure, a balance remains of $399.33.

The legatees claim that their pecuniary legacies should be paid to them from this fund, while William J. Jamieson, the devisee of the real estate, denies their right to any part of the proceeds of the real estate and claims that he took it free from any lien or charge for the payment of such legacies, and that such proceeds are to be considered as real estate, and not as personal property for the payment of the legacies.

We are of the opinion that the devise of the real estate was not subject to a charge for the payment of the legacies.

The will contains no express charge of them on the real estate. Nor does it contain language from which we can raise an implied charge, as we might if the devise had been merely of a residue. *Gould* v. *Winthrop,* 5 R. I. 319; *Lapham* v. *Clapp,* 10 R. I. 543; *Potter* v. *Brown,* 11 R. I. 232; *Larkin* v. *Larkin,* 17 R. I. 461. It is evident that at the making of her will, which was several years prior to her death, the testatrix deemed her personal estate to be amply sufficient for the payment of these legacies; for she not only devised all her real estate to her husband, but added a gift of the rest and residue of her personal property.

The mortgage on the real estate devised having been foreclosed since the death of the testatrix, the proceeds of the sale over and above the amount of the mortgage and expenses of foreclosure, are to be treated as real estate and as the property of the devisee, William J. Jamieson.

*Charles H. Page & Franklin P. Owen,* for legatees.